# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 28, 2019

```
* * * * * * * * * * * * *
RAMI HATTER,                     *      No. 15-245V
                                 *
            Petitioner,          *      Special Master Sanders
                                 *
v.                               *
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *      Stipulation for Award; Influenza ("flu")
                                 *      Vaccine; Guillain-Barre Syndrome ("GBS");
                                 *      Multiple Sclerosis ("MS").
            Respondent.          *
* * * * * * * * * * * * *
```

### DECISION[1]

On March 10, 2015, Rami Hatter ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the influenza ("flu") vaccine he received on December 9, 2013, caused him to develop Guillain-Barre syndrome ("GBS") and caused or significantly aggravated his multiple sclerosis ("MS").  *See* Stip. at 1, ECF No. 90.  Petitioner further alleged that he experienced the residual effects of his injury for more than six months.  *Id.*

On October 25, 2019, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioner.  *Id.* at 2.  Respondent denies that the flu vaccine caused Petitioner's alleged GBS, MS, or any other injury.  *Id.*  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  **This means the Decision will be available to anyone with access to the Internet.**  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

The parties stipulate that Petitioner shall receive the following compensation:

1. **An amount sufficient to purchase the annuity, paid to the life insurance company from which the annuity will be purchased; and**

2. **A lump sum of $331,155.00 in the form of a check payable to [P]etitioner.**

   **These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).** *Id.*

I approve the requested amount for Petitioner's compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders<br>
Herbrina D. Sanders<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

RAMI HATTER,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

No. 15-245V
Special Master Sanders
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

    1.  Rami Hatter ("petitioner") filed a petition for vaccine compensation under the

National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine

Program").  The petition seeks compensation for injuries allegedly related to petitioner's receipt

of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the

"Table"), 42 C.F.R. § 100.3(a).

    2.  Petitioner received the flu vaccine on December 9, 2013.

    3.  The vaccine was administered within the United States.

    4.  Petitioner alleges that the vaccine caused him to develop Guillain-Barre syndrome

("GBS") and caused or significantly aggravated his multiple sclerosis ("MS").  Petitioner further

alleges that he experienced residual effects of these injuries for more than six months.

    5.  Petitioner represents that there has been no prior award or settlement of a civil action

for damages as a result of his condition.

1

6. Respondent denies that the flu vaccine either caused or significantly aggravated petitioner's alleged GBS, MS, and/or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company");[1] and
>
> b. A lump sum of **$331,155.00** in the form of a check payable to petitioner. This amount represents all remaining compensation for damages that would be available under 42 U.S.C. § 300aa-15(a).[2]

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.    A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;
>
> b.    Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;
>
> c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

---

[1] Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[2] This sum includes $11,155.00 for future insurance expenses for the first year following the entry of judgment.

d.     Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10.  The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner for the following items of compensation:

> For future unreimbursable medical insurance expenses, beginning on the first anniversary of the date of judgment, an annual amount of $11,155.00 to be paid up to the anniversary of the date of judgment in year 2031, then beginning on the anniversary of the date of judgment in year 2031 an annual amount of $12,111.42 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as petitioner is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

11.  The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein, and any amounts awarded pursuant to paragraph 12, and that they do not guarantee or insure any of the future

3

annuity payments.  Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13.  Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14.  Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation, either immediately or as part of the annuity contract, will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16.  In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors and/or

4

assigns, does forever irrevocably and unconditionally release, acquit and discharge the United

States and the Secretary of Health and Human Services from any and all actions or causes of

action (including agreements, judgments, claims, damages, loss of services, expenses and all

demands of whatever kind or nature) that have been brought, could have been brought, or could

be timely brought in the Court of Federal Claims, under the National Vaccine Injury

Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out

of, any and all known or unknown, suspected or unsuspected personal injuries to or death of

petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or

about December 9, 2013, as alleged by petitioner in a petition for vaccine compensation filed on

March 10, 2015, in the United States Court of Federal Claims as petition No. 15-245V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable

upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms

of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties'

settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and

damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the

parties hereto to make any payment or to do any act or thing other than is herein expressly stated

and clearly agreed to. The parties further agree and understand that the award described in this

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20.  Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused or significantly aggravated petitioner's alleged GBS, MS, and/or any other injury.

22.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

RAMI HATTER

**ATTORNEY OF RECORD FOR
PETITIONER:**

MICHAEL FIRESTONE
Marvin Firestone M.D., J.D. & Associates
1700 South El Camino Real, Suite 204
San Mateo, CA 94402
(650) 212-4900

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

Ward Sorensen for

TAMARA OVERBY
Acting Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08-N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

ADRIANA TEITEL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-3677

Dated: Oct 25, 2019